No. 25-5741

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

RYLEE FLEURY,

Plaintiff-Appellant,

v.

CHARLIE PLATT, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Washington
Case No. 2:24-cv-1321

# APPELLEES SHELL USA, INC. AND GRETCHEN WATKINS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

Defendants-Appellees Shell USA, Inc. ("Shell") and Gretchen Watkins ("Watkins") (collectively "Shell Appellants") submit this Reply Brief in Support of their Motion to Dismiss Appeal for Lack of Jurisdiction.

Plaintiff-Appellant Rylee Fluery ("Fleury") does not dispute that his appeal is untimely filed or that he filed his notice of appeal 141 days late. Instead, Fleury argues: 1) that this Court should reopen the appeal period under Fed. R. App. P.

4(a)(6); 2) that equitable tolling should apply to extend his time to file a notice of appeal; 3) that dismissal of his appeal would offend due process; and 4) that the Court should apply Washington's state tolling statute or the federal Administrative Procedure Act ("APA") to toll the notice of appeal filing date. None of these arguments have any merit.

First, Fed. R. App. P. 4(a)(6) requires that any motion to reopen the time to file an appeal must be made in the district court, which has the discretion to grant or deny the motion if all of the conditions of Rule 4(a)(6) are met. *Arai v. Am. Bryce Ranches Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003). Fleury has not filed a motion to reopen the time to file an appeal in the district court, and Fleury's statement in his opposition to Shell Appellee's Motion to Dismiss that he did not receive the judgment "cannot be construed as a motion to reopen the time to appeal because the statement does not satisfy the requirements of Federal Rule of Appellate Procedure 4(a)(6)." *Murphy v. Santoro*, No. 19-15941, 2019 WL 5608076, at *1 (9th Cir. June 28, 2019). Furthermore, Fleury's claim that he did not receive notice of the March 7, 2025 judgment is dubious, as he filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(2) on March 13, 2025 (ECF No. 33), and, in support of his Motion for Relief From Judgment, Fleury filed a sworn declaration in which he acknowledged receipt of the judgment entry. (*See* ECF No. 34 at ¶¶ 3-4.)

Second, it is well established that "the timely filing of a notice of appeal in a

civil case is a jurisdictional requirement," and courts have "no authority to create equitable exceptions to jurisdictional requirements[.]" *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Because this Court lacks the authority to create an equitable exception to the jurisdictional requirement of a timely-filed notice of appeal, it should reject Fleury's argument that his deadline to file a notice of appeal should be equitably tolled.

Third, Fleury's due process argument is unavailing, as this Court has held that, although the Due Process Clause grants an aggrieved party the opportunity to present his or her case, a plaintiff does "not have a due process right to a late appeal…." *U.S. ex rel. Haight v. Cath. Healthcare W.*, 602 F.3d 949, 954 (9th Cir. 2010). Thus, the Due Process Clause does not require this Court to accept Fleury's untimely appeal.

Finally, Fleury argues that the Court should toll his time to appeal under Washington state law, specifically RCW 4.16.170. This statute has no bearing on the timeliness of Fleury's appeal in a federal appellate court. Rather, "RCW 4.16.170 states that for the purpose of tolling any statute of limitations [of Washington state law claims], an action shall be considered commenced when either the complaint is filed or when summons is served, whichever occurs first." *Davis v. Zhou Liang*, 789 F. App'x 66, 67 (9th Cir. 2019). Fleury's appeal should be dismissed because he did not comply with the timeliness requirements of the Federal Rules of Appellate Procedure, not because of any issues involving the statute of limitations of any

3

Washington state law claims. Thus, RCW 4.16.170 does not apply here.

Fleury also claims that the APA should somehow extend his time to file a notice of appeal, although his argument on how the APA applies to this case is less than clear. Indeed, the APA only applies to agencies under the "authority of the Government of the United States," 5 U.S.C. § 551(1), and has no application to the timeliness of an appeal filed in a case involving private parties. Consequently, the Court should reject Fleury's argument that his time to file a notice of appeal should be tolled under Washington state law or the APA.

Accordingly, for the foregoing reasons and the reasons set forth in their Motion to Dismiss, Shell USA, Inc. and Gretchen Watkins request that Plaintiff-Appellant Rylee Fleury's appeal be dismissed in its entirety for lack of jurisdiction.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

<u>*/s/ Laurence A. Shapero*</u>
Laurence A. Shapero, WSBA #31301
1201 Third Avenue, Suite 5150
Seattle, Washington 98101
Telephone: 206-876-5301
Fax: 206-693-7058
laurence.shapero@ogletree.com

CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d), Fed R. App. P 5(c), and 9th Cir. R. 271-1, I certify that this Motion to Dismiss complies with the type-volume limitation. This Reply Brief in Support of Motion to Dismiss uses a proportional typeface, Century Schoolbook, and 14-point font, and excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and 23(f) and contains 752 words. Defendants are relying upon the word count of the computer program Microsoft Word used to prepare its Motion to Dismiss.

/s/Laurence A. Shapero

CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court of Appeals for the Ninth Circuit by using the CM/ECF system and a copy of such filing was served on all registered participants.

/s/ Laurence A. Shapero